UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 23-20290-CV-BLOOM

**LEO VINCENT POOLE**,

    Plaintiff,

v.

**UNKNOWN WARDEN**, *et. al.*,

    Defendants.
_____/

**ORDER ON MOTION FOR LEAVE TO PROCEED**
**<u>*IN FORMA PAUPERIS* AND DISMISSING COMPLAINT</u>**

**THIS CAUSE** is before the Court upon a review of *pro se* Plaintiff Leo Vincent Poole's Complaint, ECF No. [1], and Motion for Leave to Procced *in Forma Pauperis*, ECF No. [3]. For the following reasons, the Complaint is **DISMISSED WITHOUT PREJUDICE** and the Motion for Leave to Proceed *in Forma Pauperis* is **DENIED AS MOOT**.

    Upon a motion to proceed *in forma pauperis,* the Court is required to examine whether "the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). If the Court determines that the complaint satisfies any of the three enumerated circumstances under Section 1915(e)(2)(B), the Court must dismiss the complaint.

A pleading in a civil action must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although a complaint "does not need detailed factual allegations," it must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that Rule 8(a)(2)'s pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me

accusation"). Nor can a complaint rest on "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557 (alteration in original)). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). Importantly, "[p]ro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and [are] liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). "But the leniency accorded *pro se* litigants does not give a court license to serve as *de facto* counsel for a party or to rewrite an otherwise deficient pleading to sustain an action." *Matthews, Wilson & Matthews, Inc. v. Capital City Bank*, 614 F. App'x 969, 969 n.1 (11th Cir. 2015) (citing *GJR Invs., Inc. v. Cnty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled in part on other grounds by Randall v. Scott*, 610 F.3d 701, 709 (11th Cir. 2010)).

Upon review, the Complaint in this case must be dismissed because it fails to state a claim. Count One is labeled "Miami Defendants." ECF No. [1] at 12. Plaintiff alleges due process violations against the following defendants: John Doe or Jane Doe, Warden; John Doe or Jane Doe, Director; and John Doe or Jane Doe, Supervisory Correctional Systems Specialist. *See id.* Although a plaintiff may sue a fictitious party where he "adequately describe[s] the person to be sued so that the person [can] be identified for service," *Dean v. Barber*, 951 F.2d 1210, 1216 n.6 (11th Cir. 1992), Plaintiff has not done so with respect to these Defendants. To start, Plaintiff fails to name the facility in Miami where these Defendants are employed. Identification of the "warden" is therefore impossible. Even with that information, titles like "director" [if one exists] or "supervisor" [potentially one of many] are insufficient. In short, all Defendants in Count One are improper fictitious parties. Thus, Count One fails to state a claim.

Count Two alleges a first amendment access to courts claim against Defendants J. Gordon, Supervisory Correctional Systems Specialist at FCI Estill[1] and Jack Joiner, Acting Warden of FCI Estill. *See* ECF No. [1] at 2, 13. Plaintiff's claim, however, fails to meet the federal pleading standards — even under the relaxed pleading standard afforded to *pro se* litigants. To start, Plaintiff fails to state his claims or defenses "in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). Plaintiff's statement of facts consists of a single paragraph spanning more than seven pages. *See* ECF No. [1] at 5–12. Then, in Count Two, Plaintiff provides only conclusory allegations against Defendant Gordon and Defender Joiner. *See id.* at 13.

Mere conclusory allegations are insufficient. *See Jones v. N.L.R.B.*, 675 F. App'x 923, 925 (11th Cir. 2017) ("While *pro se* briefs are generally held to a less stringent standard than those submitted by counsel, courts are not required to step into the role of *de facto* counsel.") (citation omitted). Plaintiff also lumps the two Defendants together in Count Two without alleging the specific actions taken by each. Therefore, Count Two is a shotgun pleading that fails to put Defendants on notice of the claims against them and the grounds upon which they rest. *See Weiland v. Palm Beach Cnty. Sheriff's Off.,* 792 F.3d 1313, 1323 (11th Cir. 2015) ("The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests.")

---

[1] FCI Estill is in South Carolina. *See* ECF No. [1] at 2. If Plaintiff files a new complaint, he is encouraged to file in the District of South Carolina. *See* 28 U.S.C. § 1391(b) ("A civil action may be brought in— (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; [or] (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred[.]").

Case No. 23-cv-20290-BLOOM

Accordingly, it is **ORDERED AND ADJUDGED** that Plaintiff's Complaint, **ECF No. [1]**, is **DISMISSED** without prejudice, and his Motion for Leave to Proceed *in Forma Pauperis*, **ECF No. [3]**, is **DENIED** as **MOOT**. The Clerk shall **CLOSE** this case.

**DONE AND ORDERED** in Chambers at Miami, Florida, on January 27, 2023.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Leo Vincent Poole
0130126
West Detention Center
Inmate Mail/Parcels
P.O. Box 1450
Belle Glade, FL 33430
PRO SE